### HAPPEL v. ROSENTHAL.

(Supreme Court, Appellate Term.  April 10, 1907.)

1. CONTRACTS—PROPOSAL—ACCEPTANCE.
> A contract, formed by a proposal signed by a party and an acceptance thereof signed by the other party, is binding on both; and, if the proposal omits any portion of the verbal agreement between the parties, the latter should have insisted on a correction thereof before signing the acceptance.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 71–93.]

2. APPEAL—REVIEW—ESTOPPEL TO ALLEGE ERROR.
> Where a party to a contract, made by his signing an acceptance to a proposal signed by the other party, raised the question as to which of the

.. two papers he signed, and objected to a question asked a witness on re-
. direct examination as to which paper the party "put his pen to," on the
ground that it was direct and not redirect examination, and the objection
was sustained, he could not be heard on appeal to claim that the evidence
was not sufficiently clear on the question of which paper he signed.

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by Adam Happel against Isidor Rosenthal. From a judg-
ment of the Municipal Court in favor of plaintiff, after a trial before
the court without a jury, defendant appeals. Affirmed.

Argued before. GILDERSLEEVE, P. J., and GIEGERICH and
ERLANGER, JJ.

Morris Jacobs, for appellant.

Phillips & Avery (Herbert A. St. George, of counsel), for respondent.

GIEGERICH, J. The action was brought to recover the agreed
price for labor and material furnished and performed by the plaintiff
for and upon a building of the defendant. The contract was in writ-
ing, and took the form of a proposal signed by the plaintiff and an
acceptance thereof, with a modification signed by the defendant. The
appellant insists that the paper received in evidence was not the paper
signed by him, but that his signature, as well as the rest of the con-
tents of the paper, was a carbon impression. The testimony of the
plaintiff's agent who had the transaction with the defendant is that
the paper admitted in evidence was the one on which the defendant
made his signature, or, in still more explicit terms, "the one he put
the pen to." But whichever of the two was the original—that is to
say, the paper put in evidence or the paper contained in the plaintiff's
letter book—both were in court on the day of the trial, and no claim
is made that there was any difference whatever between the two.

The real point the defendant sought to establish was that his ac-
ceptance of the plaintiff's proposal called for iron stairs, in addition
to what was contained in the original proposal and in the acceptance
as prepared by the plaintiff's agent and as signed by him. Upon this
issue the defendant was clearly bound by the paper which he signed,
and if the plaintiff's agent, in transcribing from the paper which the
defendant took to him as his proposal, omitted any portion of its con-
tents, the defendant should have called attention to such omission at
the time, and have insisted on a correction or have refused to sign the
new paper as prepared. When he did sign it, he became bound by it.
He not only signed it, but took it away with him; and it was this paper,
produced by him upon the trial, that was put in evidence. Upon an
examination of the entire case, I can discover no sufficient ground
for a reversal. The trial justice admitted in evidence the paper pro-
duced by the defendant, which he claimed was his acceptance, and
which called for the iron stairs, but apparently found against him on
the question whether such was in fact the contract between the parties.
It was beyond the right of the defendant to have any such question
passed upon at all; but the fact that it was apparently entertained,
and determined adversely to his contention, renders his appeal all the
less meritorious.

So far as concerns the question as to which of the two papers the defendant's pen or pencil actually touched and traveled upon, whether the one in the letter book or the one that was put in evidence, it might be observed that upon the redirect examination the plaintiff's attorney asked the witness the following question: "Q. Which paper did Mr. Rosenthal put his pen to?" which was objected to by the defendant's attorney as not direct examination, but redirect, and the objection was sustained. After that I do not think the defendant should be heard on appeal to claim that the evidence is not sufficiently clear on the point to which the question excluded on his objection was directed.

The judgment should be affirmed, with costs. All concur.